960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward L. MURRELL, Plaintiff-Appellant,
v.
Clyde R. CRASS, Individually and in his Official Capacity as
a LaPorte City Policeman, John Doe, Individually
and in his Official Capacity as an
Indiana State Policeman,
Defendants-Appellants.
 No. 91-2186.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.[1]
Decided April 24, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Edward Murrell filed a civil rights action pursuant to 42 U.S.C. § 1983. The district court dismissed the action and Murrell appeals that decision. We affirm in part, vacate in part, and remand for further consideration by the district court.
 
 FACTS
 
 2
 Edward Murrell was driving in his car with a friend when he was stopped, and subsequently arrested by police. Officers from the Indiana State Police and the Michigan City Police Department discovered a bag full of money that matched the description of a bag stolen in a gas station hold-up a few hours earlier. Officer Clyde Crass from the LaPorte City Police Department was waiting at the gas station with the attendant. Murrell was taken to the gas station for an on-site identification by the gas station attendant. He was later convicted of this crime.
 
 
 3
 Murrell filed a complaint in the district court and moved for appointment of counsel pursuant to 28 U.S.C. § 1915(d). The complaint cited two alleged constitutional violations. First, that Murrell did not receive a fair and accurate identification by the gas station attendant, and second, that he did not receive a speedy trial. Murrell named two defendants in his complaint: Clyde Crass, identified as an officer of the LaPorte County Police Department, and Michael Bergerson, a prosecutor for LaPorte County. Defendant Bergerson was dismissed as protected by prosecutorial immunity. LaPorte County Police Department submitted a motion for summary judgment based on Crass' affidavit stating that he was never a county police officer, but rather was a LaPorte city police officer. In response to this motion, the court ordered that the complaint be dismissed without prejudice, giving Murrell leave to file an amended complaint. Murrell's motion for appointed counsel was denied. Murrell later renewed this motion and was again denied.
 
 
 4
 The amended complaint corrected Crass' status as a city, rather than county, police officer and added John Doe, a state police officer as a defendant. It also stated the constitutional grounds upon which the complaints were based. Murrell cited the Fourth Amendment as protecting him from this allegedly illegal stop, search, and identification. He abandoned his speedy trial claim in the amended complaint. This complaint was dismissed without prejudice because the court saw no facts that stated a claim pursuant to the Fourth Amendment. In the same order, the court denied Murrell leave to file a second amended complaint. The court stated that the filing would be futile because it was based on the same set of facts as the amended complaint. The court then cited what it believed the primary constitutional issue on the facts presented (the on-site identification claim), and cited the leading Supreme Court case and a circuit court case on the issue. The court then gave Murrell another extension in which he could file a different second amended complaint.
 
 
 5
 Murrell attempted to file another second amended complaint. It was, however, identical to the complaint that the court determined could not be filed due to futility. The court denied leave to file and dismissed the action with prejudice. Murrell raises two issues on appeal. Initially, he argues that the district court abused its discretion by denying him leave to file the second amended complaint. Second, he argues that the district court abused its discretion by denying his motions for appointment of counsel. Murrell does not argue that the initial amended complaint was wrongfully dismissed.
 
 ANALYSIS
 A. Leave to Amend
 
 6
 Fed.R.Civ.P. 15(a) gives the district court discretion whether to grant a litigant leave to amend a complaint. J.D. Marshall Int'l Inc. v. Redstart, 935 F.2d 815, 819 (7th Cir.1991). Leave to amend should be given freely when justice so requires. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 329, 333, 91 S.Ct. 795, 802 (1971). When no new facts or law are presented in the proposed amended complaint, the district court will not abuse its discretion by denying leave to file the amended complaint. See Villa v. Chicago, 924 F.2d 629, 632 (7th Cir.1991). However, "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).
 
 
 7
 Foman directs that if a plaintiff has repeatedly failed to cure a defect in previous amended complaints, leave to amend may be denied. Id. In the district court's eyes, Murrell failed to cure a defect. However, the district court made no statement why the proposed second amended complaint did not correct the defects the court believed flawed the initial amended complaint. Nor are we clear on what the district court believed the Fourth Amendment defects to be. Thus, we are unable to determine what alterations would have cured them. Murrell's complaint states that he was stopped and searched in violation of the Fourth Amendment. He also states that he was wrongfully forced to undergo an on-site identification, a potential due process violation. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375 (1972). The record reveals some facts that may make these viable claims. Nevertheless, the district court stated that it was "hard-pressed" to find a Fourth Amendment violation. "Outright refusal to grant without any justifying reason appearing for the denial is not an exercise of discretion, it is merely abuse of that discretion." Given the failure to state why leave to amend was denied, we find that the district court abused its discretion.
 
 B. Appointment of Counsel
 
 8
 When a litigant proceeds in forma pauperis, a court may request an attorney to represent that person. 28 U.S.C. § 1915(d) (1991). The litigant has no guaranteed right to counsel in a civil lawsuit. Lewis v. Lane, 816 F.2d 1165, 1168-69 (7th Cir.1987). Here, the district court twice entertained Murrell's request that counsel be appointed on his behalf. The court considered several factors suggested by our holding in Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981), and determined counsel was unnecessary. Given the consideration shown by the court and our review of the record, we find the court did not abuse its discretion when denying counsel.
 
 CONCLUSION
 
 9
 For the foregoing reasons, the decision of the district court denying appointment of counsel is AFFIRMED, the decision denying leave to amend is VACATED, and the case is REMANDED for further consideration of the second amended complaint in light of our comments. If leave to amend again is denied, specific statements of the reasons for denial must be made.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs